UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES,

                                        Plaintiff,


-v-                                     8:22-CR-414


KRISTOPHER FETTER,

                                        Defendant.
-----------------------------------------------------x


**SENTENCING TRANSCRIPT**
**BEFORE THE HONORABLE FREDERICK J. SCULLIN**
October 3, 2023
100 South Clinton Street, Syracuse, NY 13261



For the Plaintiff:

    OFFICE OF UNITED STATES ATTORNEY
    14 Durkee Street
    Room 340
    Plattsburgh, New York 12901
    BY:  **JEFFREY C. STITT, ESQ.**


For the Defendant:

    LAW OFFICES OF DEAN C. SCHNELLER
    121 Bridge Street
    Plattsburgh, New York 12901
    BY:  **DEAN C. SCHNELLER, ESQ.**




*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

```
 1                (Open court.  Time noted:  10:14 a.m.)

 2                THE COURTROOM DEPUTY:  The matter is a sentencing in

 3   case United States versus Kristopher Fetter, case 8:22-CR-414.

 4                Counselors, your appearance for the record, please.

 5                MR. STITT:  Jeffrey Stitt on behalf of the United

 6   States.  Good morning, your Honor.

 7                THE COURT:  Good morning.

 8                MR. SCHNELLER:  Good morning, your Honor.  Dean

 9   Schneller on behalf of the defendant, Mr. Fetter.

10                THE COURT:  Mr. Schneller and Mr. Fetter.

11                Mr. Fetter, as you are aware, this matter's on for

12   sentencing today.  The Court has received and I've considered

13   all the pertinent information relevant to sentencing, such as

14   the Presentence Investigation Report, its addendum, the plea

15   agreement, and submissions by counsel.  Thank you, counsel, for

16   your submissions.  I've also reviewed the sentencing guideline

17   manuals and determined how they may apply to you and the various

18   factors outlined in Title 18, Section 3553(a).

19                Now, with respect to the Presentence Investigation

20   Report, Mr. Schneller, I understand you have a concern about

21   some of the scoring?

22                MR. SCHNELLER:  Yes, sir.

23                THE COURT:  Do you wish to be heard further on that?

24                MR. SCHNELLER:  Yes, your Honor, just briefly.

25                We believe the enhancement for the co-pilot or
```

1  navigator is inappropriate based on the facts of this case.  As

2  we know, there's no definition of co-pilot or navigator in the

3  sentencing guidelines, so we can turn to the plain language.  We

4  cited several cases which define those plain language terms of

5  pilot or navigator, and there's a consistent theme where they

6  all suggest for that enhancement to apply, the defendant has to

7  either steer or navigate the boat in the common sense

8  application of those definitions.

9          THE COURT:  As a pilot.  As a co-pilot, not

10 necessarily.

11         MR. SCHNELLER:  And in this case, the sole facts that

12 the PSI relays are that he essentially held the boat in place as

13 it launched on the dock and had probably held some ropes as it

14 was loaded into a truck.  So with those -- that limited factual

15 basis, even if we use the co-pilot standard, that's something

16 less.  That's really a passenger, not a navigator or a co-pilot.

17 And the fact that it was a friend's boat in an area that the

18 friend has commonly used with appropriate signage suggests that

19 it wasn't a middle of the ocean scenario where he needed some

20 assistance from Mr. Fetter.

21         So if -- we believe that this enhancement applies, it

22 essentially applies to everyone who was siting in a car, sitting

23 in a boat, as opposed to what Congress intended, which was

24 someone who's actually helping to facilitate the movement.

25         THE COURT:  All right.  What's your reply?

1          MR. STITT:  Your Honor, the facts as the government

2  set forth in its submission, as well as the PSIR establish that

3  the defendant was not simply sitting idly in the boat.  By

4  counsel's own assertions just now, the defendant was assisting

5  in any manner that would establish, in our position, by a

6  preponderance of the evidence, that he was a co-pilot and we

7  believe the enhancement is appropriate.

8          THE COURT:  I would agree.

9          I believe the enhancement does apply, Mr. Schneller.

10  He did assist in the transportation of the product across the

11  waterway and he did assist in the -- admitting the boat in the

12  harbor and tying it up and so forth, so I consider that as

13  sufficient evidence of fulfilling the requirements of that

14  enhancement.

15          Anything else you wish to address in the Presentence

16  Investigation Report?

17          MR. SCHNELLER:  Your Honor, this -- I apologize, I

18  did not include this in my sentencing memorandum, but I am aware

19  that as of November 1st, there are some further reductions that

20  are impending based on safety valve eligibility.  I know we're

21  three -- two, three -- four weeks prior to November 1st, so

22  they're not yet in effect.  So my only hope, and I'll be making

23  that argument later on, is if your Honor's considering a

24  departure -- a downward departure, that we consider the fact

25  that had this sentencing occurred several weeks from now, Mr.

1    Fetter would have likely availed himself of at least a two point

2    reduction.

3              THE COURT:  I will consider all of those factors.

4              MR. SCHNELLER:  Okay.  Thank you.

5              THE COURT:  Anything else on the Presentence

6    Investigation Report?

7              MR. SCHNELLER:  No, your Honor.

8              THE COURT:  All right.  Well, the government has no

9    objection, as I understand, correct?

10             MR. STITT:  That's correct, your Honor.

11             THE COURT:  All right.  The Court will therefore

12   adopt the factual information and the guideline applications as

13   contained in that report.  Therefore, the total offense level is

14   25, the criminal history category is III, and the guideline

15   imprisonment range is 70 to 87 months.

16             Do you wish to be heard further before the Court

17   imposes sentence?

18             MR. SCHNELLER:  Yes, your Honor.

19             As laid out in our papers, your Honor, Mr. Fetter is

20   a 36-year-old disabled veteran.  He has honorably served his

21   country doing some really serious heavy duty military work

22   overseas.  Unfortunately, he did come back with PTSD and various

23   demons that he was unable to overcome on his own through therapy

24   and he did turn to drugs for several years after he returned.

25   That was unfortunate and led to various toxic relationships and

1  toxic actions that Mr. Fetter is, frankly, embarrassed by and

2  really, now with the benefit of 12 months of a clear head in

3  custody since he's been arrested, really wants to turn his life

4  around.

5          Back in the rear of the court, we do have his mother,

6  his cousin, and his sister.  We also provided numerous character

7  letters, which --

8          THE COURT:  I have those letters and I reviewed them.

9  Thank you.

10         MR. SCHNELLER:  -- which show that he's not a lost

11  cause, that he's not someone we need to throw away, but, rather,

12  he's someone that -- he needs this opportunity to have

13  appropriate guardrails.  We understand that there will be a

14  confinement punishment, but we are strongly requesting a

15  significant downward departure so that he can serve his time,

16  but then get his life together with appropriate guardrails

17  through post-release supervision, drug treatment, employment,

18  and everything else that he needs to do.

19         Frankly, we can tie all of his criminal history to

20  that addiction.  And, now, in my personal dealings, he's been

21  exceptionally polite, exceptionally cooperative, he's accepted

22  full responsibility for his conduct.  He did it very quickly.

23  He wants to turn his life around.  And he may say that this

24  arrest, had it not occurred, may have saved his life because he

25  was on that bad path and now he's taken the consequences for it,

US v. KRISTOPHER FETTER                          7

1   but he wants to right that ship.

2            I'll also recognize, your Honor, that the substance

3   that he was carrying, THC -- a concentrated hash oil, in its

4   basic form, is legal in Canada, is legal in New York State, is

5   legal in the reservation, and there appears to be a federal

6   trend towards either decriminalization or rescheduling, so we

7   just wanted that recognition of what the substance was.

8            So for all these reasons, we are respectfully

9   requesting a downward departure and a sentence in our sentencing

10  memorandum of 36 months with post-release supervision.

11           THE COURT:  Mr. Fetter?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  What do you have to say?

14           THE DEFENDANT:  I just -- I really screwed up and --

15           THE COURT:  Would you pull the microphone in front of

16  you?  I can't understand you.

17           THE DEFENDANT:  I just feel like I really screwed up

18  and I got in with the wrong crowd and had to support my habit.

19  And being sober now and stuff, I feel a lot better.  And I could

20  have, you know, told on my co-defendant or whatever and gotten

21  out of this, but I'm done with that, so I just want to do my

22  time and pay my debt and move on with life and do the right

23  things, sir.

24           THE COURT:  Well, you've had many opportunities here

25  to straighten yourself out and it wasn't until this occasion now

US v. KRISTOPHER FETTER                                    8

1    that you feel you can straighten yourself out; is that right?

2            THE DEFENDANT:  We're getting there, sir.  We're

3    getting there.  Albany County was pretty rough.  It's still

4    pretty rough.  So I've never been in a situation like this and

5    sometimes it takes a disaster to snap you out of something and

6    make you see what's what and who's who and --

7            THE COURT:  Mm-hmm.

8            THE DEFENDANT:  -- you know, what's important.

9            THE COURT:  The government?

10           MR. STITT:  Your Honor, the government would largely

11   rest on its submissions.  I would note, as we've stated in our

12   submissions, that the defendant is within criminal history

13   category III.  As the Court points out, the defendant has had

14   several opportunities, beginning in 2010 when he first began

15   committing crimes, to try and right this ship.  His words today

16   would ring hollow in our mind.  He's had several opportunities

17   over the last 13 years and his crimes have essentially been in

18   an escalation or crescendo to today.

19           He had assisted in transporting controlled substances

20   across international waters that were approximately $1.2 million

21   in value, so the crime that he committed is serious.  His

22   history has -- there's been a track record of progression and I

23   think a guideline sentence in this case is appropriate.

24           Thank you, Judge.

25           THE COURT:  Thank you.

1          Well, the Court, as I stated, has reviewed your

2     entire file thoroughly.  Now, Mr. Fetter, you have had many

3     opportunities to try to straighten yourself out.  At your age

4     now, hopefully you are beginning to see the light because there

5     aren't any further chances out there.

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  After reviewing the facts of this case

8     and submissions by counsel, I find that a non-guideline sentence

9     is sufficient to meet the goals of the sentencing statutes.  I'm

10    recognizing the fact that you have had military service and you

11    served your country honorably.  I also recognize the seriousness

12    of the offense and the many times you've been involved with the

13    law and kept going and going until it got worse and worse.  If

14    you put that together, upon your plea of guilty to Count #1 of

15    the indictment, it is the judgment of this Court that you're

16    hereby committed to the custody of the Bureau of Prisons for a

17    period of 58 months.  That's below the sentencing guidelines.

18         Now, I'm going to recommend that you participate in

19    substance abuse treatment while incarcerated and also mental

20    health treatment.  But upon your release from imprisonment, you

21    will be placed on supervised release for three years during

22    which time the standard conditions adopted by this Court will

23    apply.  Furthermore, specific conditions will apply.

24         Do you have a copy of those, counsel?

25         MR. SCHNELLER:  Yes, your Honor.

US v. KRISTOPHER FETTER                                    10

1           THE COURT:  Have you reviewed them with your client?

2           MR. SCHNELLER:  Generally.  I can't say I read them

3    verbatim, but I explained the concepts.

4           THE COURT:  Okay.  Do you waive the reading of them

5    at this time in their entirety?

6           MR. SCHNELLER:  Yes, sir.  Yes, your Honor.

7           THE COURT:  The special conditions will require you

8    to partake in treatment and follow the direction of your

9    treatment providers.  If you were to violate any of the terms

10   and conditions of that treatment or supervised release, for that

11   matter, or probation, you'll be brought back here and sent back

12   to prison.  Do you understand that?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  This is an opportunity.  I gave you a

15   lesser sentence than you would normally receive.  A lesser

16   sentence.  Most importantly is that you address your issues and

17   change the direction your life has taken.  If you do can that,

18   that's good.  If you can't, you'll be back here and back in

19   prison.  It's as simple as that.

20          THE DEFENDANT:  Yes, sir.  I understand.

21          THE COURT:  All right.  There's a special assessment

22   of $100, which is due at this time.  The Court will not impose a

23   fine.  You do have a right to appeal this sentence.  You may

24   consult with your attorney concerning that right of appeal.  Any

25   appeal must be filed within 14 days of the date the judgment is

US v. KRISTOPHER FETTER                                    11

1    entered here.

2              You are remanded to the custody of the United States

3    Marshals in accordance with the terms of this sentence.

4              So in other words, Mr. Fetter, it's up to you what

5    you do with your life from this point on.

6              And for your family in the back of the room, it's

7    important that he has your support, but do not enable him.  If

8    he does something wrong, you call him on it.  If he's not doing

9    what he's supposed to be doing, you call him on it.  It's going

10   to help him straighten out.  Please do that.  All right?

11             Anything further to put on the record?

12             MR. SCHNELLER:  Your Honor, in light of his mother's

13   residence in the north country, we'd request a recommendation to

14   the Bureau of Prisons that he be housed in a facility as close

15   as possible to Plattsburgh.

16             THE COURT:  I will recommend that, but most

17   importantly is that he gets the treatment that he needs while

18   incarcerated, too, in the Bureau of Prisons, so I want both of

19   those things considered by them.

20             MR. SCHNELLER:  Thank you, Judge.

21             THE COURT:  Anything further from the government?

22             MR. STITT:  Your Honor, I would just note that the

23   special conditions that you imposed are reasonably related to

24   the defendant's conduct and his history based on his substance

25   abuse.  I understand your Honor had detailed that to some degree

US v. KRISTOPHER FETTER                              12

1    and I just wanted to state that on the record.  As you're well

2    aware, the Second Circuit is always asking us to put more and

3    more on the record at the time of sentencing, so I just wanted

4    to make sure.

5                    THE COURT:  That's fine.  Thank you.

6                    MR. STITT:  Thank you, Judge.

7                    THE COURT:  I appreciate that.

8                    All right.  Is there anything further now?

9                    MR. SCHNELLER:  No, your Honor.

10                   THE COURT:  All right.  Thank you.

11                   THE COURTROOM DEPUTY:  Court is adjourned.

12                   (Time noted:  10:29 a.m.).

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1
2
3
4                    CERTIFICATE OF OFFICIAL REPORTER
5
6
7              I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
8   NYRCR, Official U.S. Court Reporter, in and for the United
9   States District Court for the Northern District of New York, DO
10  HEREBY CERTIFY that pursuant to Section 753, Title 28, United
11  States Code, that the foregoing is a true and correct transcript
12  of the stenographically reported proceedings held in the
13  above-entitled matter and that the transcript page format is in
14  conformance with the regulations of the Judicial Conference of
15  the United States.
16
17              Dated this 12th day of April, 2024.
18
19              s/ Hannah F. Cavanaugh_____
20              HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
21              Official U.S. Court Reporter
22
23
24
25
```